

NORTHERN DISTRICT OF TEXAS
FILED

APR 27 2009

CLERK, U.S. DISTRICT COURT
By_____
           Deputy

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| KELLY L. ASHTON, Individually and §<br>as the Independent Executor of the Estate §<br>of Donald Ray Ashton, Deceased, §<br> §<br>**Plaintiff,** §<br> §<br>**v.** §<br> §<br>KNIGHT TRANSPORTATION, INC. §<br>and GEORGE M. MUTHEE §<br> §<br>**Defendants** § | **3-09CV0759-B**<br><br>C.A. No._____  # 3 0685 |

### NOTICE OF REMOVAL

Defendants **KNIGHT TRANSPORTATION, INC.** ("Knight") and **GEORGE M. MUTHEE,** for the purpose only of removing this cause to the United States District Court for the Northern District of Texas, Dallas Division, and without waiving its rights to enter a special appearance and contest jurisdiction and venue hereby state:

**1.  State Court Action**

This action was originally filed on March 27, 2009, in the 160th Judicial District Court of Dallas County, Texas and numbered 09-03616 on the docket of said Honorable Court. Plaintiff KELLY ASHTON ("Plaintiff") is seeking to recover wrongful death and survivorship damages allegedly resulting from an automobile accident that occurred on August 11, 2007 in Republic County, Kansas.

## 2. **Federal Jurisdiction**

Plaintiff is a citizen of the State of Texas and remains a citizen of the State of Texas as of the date of filing this Notice of Removal.

Defendant KNIGHT TRANSPORTATION, INC. is a citizen of the State of Arizona being incorporated in Arizona and having its principal place of business in Phoenix, Arizona. Knight was a citizen of Arizona when this action was filed and remains a citizen of State of Arizona as of the date of filing this Notice of Removal.

Defendant GEORGE M. MUTHEE is a citizen of the State of California being that he is an individual with his principal place of residence in Hawthorne, California. Defendant Muthee was a citizen of the State of California when this action was filed and remains a citizen of the State of California as of the date of filing this Notice of Removal.

Plaintiff is seeking damages on behalf of the estate of her deceased husband. These damages include the pain and mental anguish suffered by Donald Ashton immediately prior to his alleged wrongful death, his funeral expenses, and burial expenses. Plaintiff is also seeking wrongful death damages in the form of past and future pecuniary loss, loss of care, maintenance, and support, loss of inheritance, and loss of consortium to include mental and emotional pain and anguish. Based upon telephone conversations with the Plaintiff's attorney and Plaintiff's Original Petition, the amount in controversy exceeds the amount of $ 75,000.00 exclusive of interest and costs. *Please see the Affidavit of Daniel M. Karp, Exhibit "B" attached hereto.* Therefore, this Court has original diversity jurisdiction under 28 U.S.C. § 1332.

By filing this Notice of removal, Defendant does not waive its rights to enter a special appearance contesting the personal jurisdiction of this Court over Defendants nor its rights to contest venue.

### 3. State Court Documents Attached

Copies of the Citation and Plaintiffs' Original Petition were received by counsel for Knight via e-mail on April 6, 2009 and by personal service on Muthee on April 3, 2009. This was the first time that Knight or Muthee received, through service or otherwise, copies of the pleadings for relief upon which this claim is action is based. Removal is therefore timely pursuant to 28 U.S.C. § 1446. An Index of State Court Filed Documents, together with all documents filed in the State Court and the State Court Docket Sheet is attached hereto as **Exhibit A**. These documents constitute the only pleadings, process, or orders received by Knight and Muthee in this action.

### 4. List of Counsel

A completed civil cover sheet and supplemental cover sheet containing a list of all counsel of record, including each attorney's bar number, address, telephone number and parties represented has been contemporaneously filed with this Notice of Removal.

Pursuant to 28 U.S.C. §1446(d), written notice of the filing of this notice of removal will promptly be given to all parties and to the clerk of the 160th Judicial District Court of Dallas County, Texas.

### 5. Relief Requested

Knight and Muthee respectfully request that the United States District Court for the Northern District of Texas, Dallas Division, accept this Notice of Removal and that it assume jurisdiction

of this cause solely for purposes of removal from state court and without waiving Defendants'

rights to enter a special appearance and/or contest proper venue.

Respectfully submitted,

_____
**MICHAEL P. SHARP**
State Bar No. 00788857
**DANIEL M. KARP**
State Bar No. 24012937
**FEE, SMITH, SHARP & VITULLO, L.L.P**
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
(972) 934-9100 (Telephone)
(972) 934-9200 (Facsimile)

**ATTORNEYS FOR DEFENDANTS
KNIGHT TRANSPORATION, INC. and
GEORGE M. MUTHEE**

### CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record in this cause of action on the 27th day of April, 2009 as follows:

*Via Certified Mail, RRR*
Michael F. Pezzulli
Pezulli Barnes, L.L.P.
17300 Preston Road, Suite 220
Dallas, Texas 75252

_____
**MICHAEL P. SHARP**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **KELLY L. ASHTON, Individually and** | § | |
| **as the Independent Executor of the Estate** | § | |
| **of Donald Ray Ashton, Deceased,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **C.A. No.**_____ |
| | § | |
| **KNIGHT TRANSPORTATION, INC.** | § | |
| **and GEORGE M. MUTHEE** | § | |
| | § | |
| **Defendants** | § | |

## AFFIDAVIT

Before me, the undersigned notary public, on this day personally appeared DANIEL M. KARP, who, after first being duly sworn by me on his oath, deposed and stated as follows:

1.      My name is Daniel M. Karp. I am over the age of 18 years, of sound mind and otherwise competent to testify in this Affidavit. I have personal knowledge of the factual matters set forth herein and they are true and correct.

2.      I am an attorney licensed to practice law in the state of Texas. I am an attorney with the law firm of Fee, Smith, Sharp & Vitullo, L.L.P. I have been retained to represent Defendants Knight Transportation, Inc., an Arizona Corporation, and George Muthee, a resident of California, in the above-referenced cause. I am fully authorized to make this Affidavit.

3.      This litigation arises out of a vehicle collision which occurred in Republic County, Kansas. Plaintiff sued Defendants for injuries she and her deceased husband allegedly suffered as a result of the accident. Plaintiff seeks recovery for the alleged acts and/or omissions of Defendants based on allegations of negligence and seeks economic and non-economic damages.

5.     Because Plaintiff's petition does not state the maximum amount of damages sought, I personally conferred with Plaintiff's attorney Michael Pezzulli on April 24, 2009 regarding the damages sought by Plaintiff herein.   Counsel stated Plaintiff seeks damages in excess of $75,000.00, the minimum jurisdictional limits of this court.

Further, Affiant sayeth not.



**DANIEL M. KARP**

SUBSCRIBED   AND   SWORN   TO   BEFORE   ME   on   this   _27th_   day   of _April_, 2009, to certify which witness my hand and seal of office.

PATRICIA ANNE COLLINS
MY COMMISSION EXPIRES
June 26, 2010

_Patricia Anne Collins_
Notary Public in and for the State of Texas

My Commission Expires: _June 26, 2010_

## EXHIBIT "A"

## INDEX OF MATTERS FILED

1.   Case Summary

2.   Memorandum of Papers Filed

3.   Citation served on Knight Transportation Inc.

4.   Citation served on George M. Muthee

5.   Plaintiff's Original Petition filed March 27, 2009



# CASE SUMMARY
## CASE NO. DC-09-03616

| | | |
|---|---|---|
| **KELLY ASHTON** | § | Location: **160th District Court** |
| vs. | § | Judicial Officer: **JORDAN, JIM** |
| **KNIGHT TRANSPORTATION INC, et al** | § | Filed on: **03/27/2009** |
| | § | |

---

### CASE INFORMATION

Case Type: **MOTOR VEHICLE ACCIDENT**

---

### PARTY INFORMATION

| | | *Lead Attorneys* | |
|---|---|---|---|
| **PLAINTIFF** | **ASHTON, KELLY L** | **BARNES, CHRISTOPHER** | 972-713-1300 |
| | | *Retained* | |
| | | | |
| **DEFENDANT** | **KNIGHT TRANSPORTATION INC** | | |
| | **MUTHEE, GEORGE M** | | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 03/27/2009 | ORIGINAL PETITION (OCA) | |
| 03/27/2009 | ISSUE CITATION | |
| 03/27/2009 | ISSUE CITATION COMM OF INS OR SOS | |
| 03/31/2009 | **CITATION**<br>KNIGHT TRANSPORTATION INC        served  04/02/2009 | |
| 03/31/2009 | **CITATION SOS/COI/COH/HAG**<br>MUTHEE, GEORGE M        served  04/03/2009 | |

---

| DATE | FINANCIAL INFORMATION | | |
|---|---|---|---|
| | **PLAINTIFF**  ASHTON, KELLY L | | |
| | Total Charges | | 372.00 |
| | Total Payments and Credits | | 372.00 |
| | **Balance Due as of  4/23/2009** | | **0.00** |
| 03/27/2009 | Charge | PLAINTIFF ASHTON, KELLY L | 222.00 |
| 03/27/2009 | Charge | PLAINTIFF ASHTON, KELLY L | 150.00 |
| 03/27/2009 | PAYMENT        Receipt # 22672-2009-DCLK<br>(CASE FEES) | PLAINTIFF ASHTON, KELLY L | (372.00) |
| 04/10/2009 | Charge | PLAINTIFF ASHTON, KELLY L | 70.00 |
| 04/10/2009 | Adjustment | PLAINTIFF ASHTON, KELLY L | (70.00) |

*Printed on 04/23/2009 at 11:58 AM*

09-03616

CAUSE OF ACTION _

**DC – 09 – 03616**
Filed: 03/27/2009

| MOTOR VEHICLE ACCIDENT | 160th District Court |
|---|---|

KELLY ASHTON vs. KNIGHT TRANSPORTATION INC

| Plaintiff<br>ASHTON, KELLY L | Lead Attorney<br>BARNES, CHRISTOP |
|---|---|

| Defendant<br>KNIGHT TRANSPORT | Lead Attorney |
|---|---|

FILE DATE __3 27 09__     COST DEPOSIT $ __370__     JURY _____
BOND APPROVAL _____     DATE _____     INITIAL PROCESS ISSUED __/__

CONSOLIDATED WITH _____ TRANSFERRED FROM _____
SEVERED FROM _____ DATE _____

| DATE FILED | PLEADINGS/ORDERS/PROCESS ISSUED | BOOK/PAGE |
|---|---|---|
| 3-27 | 1cit Pet 1          1505 cert mail | |
| 04 3 29 | Ret cit - George U. Luther   04/03 | |
| 04-08-09 | Ret cit - Knight Transportation Inc   04/02 | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

THESE ARE DISTRICT COURT PAPERS AND MUST NOT BE REMOVED FROM THE DISTRICT CLERK'S OFFICE

MEMORANDUM OF PAPERS FILED CONTINUED

DATE

FORM NO. 353-3—CITATION

# THE STATE OF TEXAS

To:

**KNIGHT TRANSPORTATION INC**
**SERVING ITS REGISTERED AGENT; CT CORPORATION SYSTEM**
**350 NORTH ST PAUL STREET, DALLAS, TEXAS 75201**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **160th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **KELLY L ASHTON**

Filed in said Court ON THIS THE 27TH DAY OF MARCH, 2009 against

**KNIGHT TRANSPORTATION INC**

For suit, said suit being numbered **DC-09-03616** the nature of which demand is as follows:
Suit On **MOTOR VEHICLE ACCIDENT** etc.

is shown on said petition , a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.

Given under my name and the Seal of said Court at office **on this the 31st day of March, 2009**

ATTEST: GARY FITZSIMMONS

Clerk of the District Courts of Dallas, County Texas.

By _____ Texas
**CAROLL JONES**

By _____ Deputy

---

**PCT.1**

No.: DC-09-03616

**KELLY ASHTON**
VS.
**KNIGHT TRANSPORTATION INC,
ET AL**

**CITATION**

ISSUED
**ON THIS THE 31ST DAY OF
MARCH, 2009**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By **CAROLL JONES**, Deputy

Attorney for : Plaintiff
**CHRISTOPHER BARNES
STATE BAR NO 00792175
17300 PRESTON ROAD
SUITE 220
DALLAS TEXAS75252
972-713-1300 TELEPHONE
972-713-1313 FAX**

DALLAS COUNTY CONSTABLE
FEES NOT
PAID

**OFFICER'S RETURN**

**FOR INDIVIDUALS**

Received this Citation the _____ day of _____, 20___ at ___ o'clock. Executed at 350 N. St. Paul, within the County

of Dallas State of Texas, on the 2nd day of April, 20 09, at 9:15 o'clock, by

delivering to the within named Couple Thrashing, Inc.

c/o Plaintiff's original petition, having first indorsed on same the date of delivery.

each in person, a copy of this Citation together with the accompanying

petition, having first indorsed on same the date of delivery.

delivering to the registered agent for service,
**C.T. Corporation, at 350 North St. Paul, 29th floor,
Dallas County, Dallas, Texas 75201. Process was
delivered to:** _Duminyell Reeves Process Specialist_

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows: To certify which witness by my hand.

| | | |
|---|---|---|
| For Serving Citation | $ 70.00 | Sheriff _____ |
| For Mileage | $ _____ | County of _____ |
| For Notary | $ _____ | State of _____ |
| Total Fees | $ _____ | By _____ |

_____
DERICK EVANS, CONSTABLE
Dallas County Precinct 1

(Must be verified if served outside the State of Texas)

State of _____

County of _____

Signed and sworn to me by the said _____ before me this

_____ day of _____, 20___, to certify which witness my hand and seal of office.

Seal

_____
State & County of

# FORM NO. 353-4—CITATION

# THE STATE OF TEXAS

**CERT MAIL (SOS)**

# CITATION

No.: DC-09-03616

KELLY ASHTON
VS.
KNIGHT TRANSPORTATION INC,
ET AL.

---

**To:**

**GEORGE M MUTHEE**
**4776 W 132ND STREET, APT. 2, HAWTHORNE, CALIFORNIA 90250-5174**
**BY SERVING THE SECRETARY OF STATE**
**OFFICE OF THE SECRETARY OF STATE**
**CITATIONS UNIT - P.O. BOX 12079, AUSTIN, TX, 78711**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **ORIGINAL** petition, a default judgment may be taken against you.

Your answer should be addressed to the clerk of the **160th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **KELLY L ASHTON**

Filed in said Court ON THIS THE 27TH DAY OF MARCH, 2009 against

**GEORGE M MUTHEE**

For suit, said suit being numbered **DC-09-03616** the nature of which demand is as follows:

Suit On **MOTOR VEHICLE ACCIDENT** etc.

ISSUED
**ON THIS THE 31ST DAY OF
MARCH, 2009**

GARY FITZSIMMONS
Clerk District Courts,
Dallas County, Texas

By **CAROLL JONES**, Deputy

as shown on said petition , a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.

Given under my name and the Seal of said Court at office **on this the 31st day of March, 2009**

ATTEST: GARY FITZSIMMONS
Clerk of the District Courts of Dallas, County Texas

Attorney for : Plaintiff
**CHRISTOPHER BARNES
STATE BAR NO 00792175
17300 PRESTON ROAD
SUITE 220
DALLAS    TEXAS 75252
972-713-1300 TELEPHONE
972-713-1313 FAX**

By _____ , Deputy
**CAROLL JONES**



DALLAS COUNTY CONSTABLE
FEES PAID
FEES NOT PAID

FILED

09 APR 13 PM 1:08

DALLAS ... TEXAS
DEPUTY

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Received this Citation the _____ 31 _____ day of _____ March _____, 200 7 _____ at _____ o'clock. Executed at _____ Austin _____, within the County
of _____ Travis _____, State of _____ Texas _____, on the _____ 3 _____ day of _____ April _____, 200 7 _____, at _____ o'clock, by
delivering to the within named _____ George Jr. Mullros _____, each in person, a copy of this Citation together with the accompanying
copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____ 31 _____ day of _____ March _____, 200 7 _____ at _____ o'clock
_____ .M. by summoning the within named Corporation, _____, State of _____ Texas _____, on the _____ 3 _____
_____ .M. Executed at _____ Austin _____, within the
County of _____ Travis _____, on the _____ 3 _____ day of _____ April _____, 200 7 _____, at
by delivering to _____
President - Vice President - Registered Agent - in person, of the
a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:  To certify which witness by my hand.

For Serving Citation $ _____ 60 _____           Sheriff _____
For Mileage $ _____                             County of DALLAS _____
For Notary $ _____                              State of _____
Total Fees $ _____                              By _____

CARY FITZSIMMONS
DISTRICT CLERK
[600 COMMERCE STREET]

(Must be verified if served outside the State of Texas)

County of _____
Signed and sworn to me by the said _____
_____ before me this
_____ of _____, 20 _____, to certify which witness my hand and seal of office.

Seal

State & County of _____

2. Article Number

7160 3901 9846 1877 7459

3. Service Type   **CERTIFIED MAIL**

4. Restricted Delivery? *(Extra Fee)*   ☒ Yes

1. Article Addressed to:

GEORGE M MUTHEE
c/o SECRETARY OF STATE
CITATION UNIT, PO BOX 12079
AUSTIN, TEXAS 78711

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery

C. Signature

X   ☐ Agent   ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

APR. 03 2009

PS Form 3811, January 2005                     Domestic Return Receipt

GARY FITZSIMMONS, District Clerk
Commerce St.
Dallas, TX 75202

# Electronic Filing

**FILED**

MAR 27 2009

GARY FITZSIMMONS
DIST. CLERK, DALLAS CO., TEXAS
DEPUTY

(214) 653-6315

FROM: _Amanda Serrano_

FIRM: _Pezzulli Barnes_    CUSTOMER ID # _2380_

ATTORNEY: _Christopher L. Barnes_    BAR CARD:# _00792175_

REPRESENTING: _X_ PLAINTIFF/PETITONER    ___ DEFENDANT/RESPONDENT    ___ OTHER

DESCRIPTION OF DOCUMENT:

_Plaintiff's Original Petition_

NUMBER OF PAGES (INCLUDING TRANSMITTAL FORM): _____

TITLE OF DOCUMENT: _Plaintiff's Original Petition_

CAUSE NUMBER (If Previously Filed) _____ FILE DATE (If Previously Filed) _____

CLIENT/MATTER _____

STYLE: _Kelly Ashton, et. al_ v. _Knight Transportation, Inc. et al_

IF FILING A NEW SUIT, SPECIFY TYPE _Motor Vehicle Accident_

SERVICE REQUEST:

_X_ I REQUEST SERVICE (COMPLETE THIS SECTION)    ___ NO SERVICE IS REQUESTED

ISSUE TO _See attached_    REGISTERED AGENT (IF APPLICABLE) _____

SERVICE ADDRESS _____
_____
_____
City    State    Zip

TYPE OF SERVICE REQUESTED: _____

ADDITIONAL REQUESTS FOR SERVICE ATTACHED ( _____ ) PAGES

PLEASE SPECIFY ONE OF THE FOLLOWING FOR THE COMPLETED SERVICE PAPERS:

_X_ FORWARD TO DALLAS COUNTY CONSTABLE

_____ HOLD FOR PICK UP BY _____

ADDITIONAL INSTRUCTIONS
_____
_____
_____

## SERVICE REQUEST

1. Defendant Knight Transportation, Inc. may be made by serving its registered agent, CT Corporation, 350 N. St. Paul St., Dallas, Texas 75201.

2. Defendant George M. Muthee may be served through the Secretary of State via certified mail at his home address of 4776 W. 132d Street, Apt. 2, Hawthorne, California 90250-5174.

03-27-09  11:45am  From-PEZZULLI KINSER LLP  +  T-406 ...  P.02/...  F-...



# DALLAS COUNTY CIVIL DISTRICT COURT COVER SHEET

H-160th

**FILED** MAR 27 2009

GARY FITZSIMMONS
DISTRICT CLERK, DALLAS CO., TEXAS

STYLED Kelly Ashton, it al. v. Knight Transportation, Inc. and George
M. Muther

This Civil Cover Sheet must be completed, filed and served with every petition. The information should be the best available at the time of filing, understanding that the information may change before trial. This information does not constitute a discovery request, response, or supplementation, and is not admissible at trial. Check (✔) all applicable boxes.

| Plaintiff(s) | Defendant(s) (list separately) |
|---|---|
| ☐ Pro Se | |
| Address _See attached_ | _See attached_ |
| Telephone/Fax | |
| E-mail | |
| ☐ Attorney for Plaintiff(s) | |
| State Bar No. | |
| Address | |
| Telephone/Fax | |
| E-mail | |

## PARTIES *MUST* CHECK ONE CASE TYPE AND MAY CHECK ONE SUB-TOPIC

- ☐ Administrative Appeal
- ☐ Bill of Review
- ☐ Certiorari
- ☐ Code Violations
- ☐ Condemnation
- ☐ Construction
- ☐ Debt/Contract
- ☐ Defamation
- ☐ Other Commercial Dispute
  - ☐ Antitrust/Unfair Comp
  - ☐ Consumer/DTPA
  - ☐ Franchise
  - ☐ Fraud/Misrep
  - ☐ Intellectual Property
  - ☐ Non-Compete
  - ☐ Partnership
  - ☐ Securities/Stock
  - ☐ Tortious Interference
  - ☐ Other Commercial
- ☐ Discipline
- ☐ Discovery
  - ☐ Rule 202 Depositions
  - ☐ Commissions
  - ☐ Subpoena
  - ☐ Letters Rogatory
  - ☐ Other Discovery
- ☐ Employment
  - ☐ Discrimination
  - ☐ Retaliation

- ☐ Terminations
- ☐ Other Employment
- ☐ Foreclosure
  - ☐ R 736
  - ☐ Other than R 736
- ☐ Foreign Judgment
- ☐ Insurance
- ☐ Mass Tort/MDL/Rule 11
  - ☐ Asbestos
  - ☐ Baycol
  - ☐ Breast Implant
  - ☐ Firestone
  - ☐ Phen-Fen
  - ☐ Silica
  - ☐ Other Multi-Party
- ☒ Motor Vehicle Accident
- ☐ Other Personal Injury
  - ☐ Assault/Battery
  - ☐ Product
  - ☐ Premises
  - ☐ Other Personal Injury
- ☐ Name Change
- ☐ Post-Judgment
- ☐ Professional Liability
  - ☐ Accounting
  - ☐ Legal
  - ☐ Med/Mal
  - ☐ Other Prof. Liab.
- ☐ Property

- ☐ Partition
- ☐ Quiet Title
- ☐ Trespass/Try Title
- ☐ Other Property
- ☐ Prejudgment Remedy
- ☐ Seizure/Forfeiture
- ☐ Tax
  - ☐ Tax Appraisal
  - ☐ Tax Delinquency
  - ☐ Tax Land Bank
  - ☐ Tax Personal
  - ☐ Tax Real
- ☐ Workers Comp
- ☐ Other

**ADDITIONAL SUB-TOPICS**
- ☐ Attachment
- ☐ Bill of Discovery
- ☐ Class Action
- ☐ Declaratory Judgment
- ☐ Garnishment
- ☐ Interpleader
- ☐ License
- ☐ Mandamus
- ☐ Receiver
- ☐ Sequestration
- ☐ Severance
- ☐ TRO/Injunction
- ☐ Turnover

## DISCOVERY LEVEL    ☐ Level 1    ☐ Level 2    ☒ Level 3

**Local Rule 1.08 Certification (Must be completed and signed)**

☒ This case is not subject to transfer pursuant to Local Rule 1.07, OR
☐ This case is related to another case filed or disposed of in Dallas County:
  Court: _____ Style: _____

Case No. _____

Attorney's Signature

Plaintiff
KELLY L. ASHTON, Individually and
as the Independent Executor of the Estate
of Donald Ray Ashton, Deceased,

Attorney for Plaintiff
Michael F. Pezzulli
State Bar No. 15881900
Christopher L. Barnes
State Bar No. 00792175
Jack B. Krona, Jr.
State Bar No. 24005304
17300 Preston Road, Suite 220
Dallas, Texas 75252
(972) 713-1300
(972) 713-1313 fax


Defendant:
KNIGHT TRANSPORTATION, INC.
GEORGE M. MUTHEE,



FILED
MAR 27 2009
GARY FITZSIMMONS
Dist. CLERK, DALLAS CO., TEXAS
TONYA POINTE DEPUTY

CAUSE NO. 04-03614

KELLY L. ASHTON, Individually and     §     IN THE DISTRICT COURT
as the Independent Executor of the Estate     §
of Donald Ray Ashton, Deceased,     §
    §
    Plaintiff,     §
    §
    v.     §     DALLAS COUNTY, TEXAS
    §
KNIGHT TRANSPORTATION, INC.     §
and GEORGE M. MUTHEE,     §
    § H-160th
    Defendants.     §     _____ JUDICIAL DISTRICT

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

### I. Introduction

1.     Plaintiff Kelly Lynn Ashton brings personal-injury, wrongful-death, and

survival claims against Defendants Knight Transportation, Inc. and its employee-driver,

George M. Muthee. The claims arise out of the death of her husband, Donald R. Ashton,

in a three-vehicle accident on August 11, 2007, near Belleville, Kansas.

### II. Parties

2.     Plaintiff Kelly Lynn Ashton is an individual who resides in Rowlett,

Texas. She is the wife of Donald Ray Ashton, deceased. She and her husband were

passengers in a multi-vehicle traffic accident on August 11, 2007. Kelly is the

independent executor of the Estate of Donald Ray Ashton.

3.     Defendant Knight Transportation, Inc. is a corporation that is incorporated

under Arizona law and has its principal place of business at 5601 W. Buckeye Rd.,

Phoenix, Arizona, 85043. Knight Transportation employed Defendant George M.

Muthee as a long-haul truck driver on August 11, 2007.  Knight Transportation has business facilities in Texas, provides transportation services for clients in Texas, and deploys its trucks to drive for commercial purposes through Texas.[1]  Service for Knight Transportation may be made by serving its registered agent, CT Corporation, 350 N. St. Paul St., Dallas, Texas 75201.

4.   Defendant George M. Muthee is an individual with a residence at 4776 W. 132d Street, Apt. 2, Hawthorne, California 90250-5174.  Muthee was an employee of Knight Transportation on August 11, 2007.  He drove the eighteen-wheeler truck that struck and killed Kelly Ashton's husband, Don Ashton, on August 11.  Service for George Muthee may be made through the Secretary of State at his home address of 4776 W. 132d Street, Apt. 2, Hawthorne, California 90250-5174.

### III.  Jurisdiction and Venue

5.   Because Kelly Ashton brings negligence, survivor, and wrongful-death claims on her own behalf and on behalf of her late husband's estate, this lawsuit is within this Court's general subject-matter jurisdiction.[2]  And although the wrongful death occurred in Kansas, Kelly Ashton may bring the wrongful-death claims here under section 71.031 of the Texas Civil Practice & Remedies Code as discussed in paragraph 11 below.

---

[1] http://www.knighttrans.com/about/locations

[2] *See* Texas Const. art V, § 8, Tex. Gov't Code §§ 24.007-.008, *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002).

6.   Because Knight Transportation's headquarters is in Phoenix, Arizona;

Knight Transportation does business in Dallas County, Texas; and Kelly Ashton resides

in Dallas County, now and did so in August 2007, venue is proper here.[3]

## IV. Facts

7.   On August 11, 2007, Kelly Ashton, her husband, Donald Ashton, and

William A. Helton were in a General Motors Hummer H3 together, driving from Kansas

to Texas, on US-81.  Helton was driving, and the Ashtons were passengers.  The H3 was

hauling an open-bed trailer with motorcycles.  As the H3 approached the intersection of

US-81 and Fir Road, near Belleville, Kansas, a fifteen year-old boy, Jacob Cole Valek,

ran a stop sign in his Chevrolet Camaro, while driving well over the speed limit,[4] and

crashed into the Hummer H3.  The H3 rolled, and Donald Ashton was ejected.  But Don

was alive after the ejection.  George Muthee drove an eighteen-wheeler semi-tractor

trailer, upon information and belief, between 60–70 m.p.h., and failed to keep a proper

lookout for accidents and obstacles on the road.  He entered the wreck's debris field

without slowing down to keep a more careful watch for persons and obstacles in the road.

Muthee failed to steer and avoid obstacles and a person in or near the road and struck a

motorcycle, and he struck and killed Don Ashton.  Although he then braked briefly once

or twice, Muthee did not stop or call for assistance.[5]  On information and belief, Muthee

then drove to California.  Knight Transportation owned and operated the tractor trailer.

The crash between the Camaro and the H3 injured and partially paralyzed Kelly Ashton.

---

[3] *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)(4).

[4] *See* Kan. Stat. Ann. § 8-1557 (requiring a person to drive a vehicle at a reasonable speed under the existing conditions).

[5] *See, e.g.,* Kan. Stat. Ann. §§ 8-1602, 8-1603, 8-1604, 8-1605.

The crash between the Camaro and the H3 ejected Donald Ashton, and the tractor trailer killed him. William Helton was also injured in the crash between the Camaro and the H3, and Jacob Valek was killed.

## V. Claims

### A.    Negligence

8.    On August 11, 2007, George Muthee owed Don and Kelly Ashton and Will Helton, as occupants of another vehicle on the public roadway, a duty to use reasonable care in driving the tractor trailer; keeping a lookout for other vehicles, accidents, obstacles, and persons on and near the road; slowing down to an appropriate speed to watch for and avoid accidents, obstacles, and persons in and near the road after an accident; and steering and avoiding obstacles and persons in the road after an accident. Nonetheless, George Muthee breached his duties in driving the tractor trailer, failing to keep a lookout for accidents, as well as for obstacles and persons in the road after an accident, failing to steer and avoid obstacles and a person in the road after an accident, and striking and killing Don Ashton. George Muthee also failed to stop and failed to call for help after hitting a motorcycle and after hitting Don Ashton. George Muthee's breaches of these standards of conduct proximately caused Don Ashton's death as well as those of Kelly Ashton's losses, which directly resulted from her husband's death.

### B.    Survival Claim[6]

9.    As the independent executor of her late husband's estate, Kelly Ashton brings a survival claim, based on the claims in paragraph 8 for his personal injuries against Knight Transportation and George Muthee, whose wrongful conduct, including

---

[6] *See* Tex. Civ. Prac. & Rem. Code §§ 71.021-.022.

that discussed in paragraphs 7–8, caused Don's injuries and death. Don Ashton would

have been entitled to bring an action for his pain and mental anguish had he lived. Kelly

Ashton has the right to bring this claim because she is the independent executor of his

estate and, thus, the estate's personal representative. Kelly brings this claim to recover

the damages under Texas Pattern Jury Charge 10.2 (2006), including the amount of

money that would have fairly and reasonably compensated Don for pain and mental

anguish, including the conscious emotional pain, torment, and fear experienced by Don

before his death as a result of George Muthee's wrongful conduct discussed in

paragraphs 7–8 from the time Don perceived the oncoming tractor trailer and the time

that it struck and killed him, and the reasonable amount of expenses for Don's funeral

and burial (suitable to his station in life).

## C.     Wrongful Death Claim[7]

10.     As Don Ashton's surviving wife, Kelly Ashton brings a wrongful-death

claim, based on the claims in paragraph 8, against Knight Transportation and George

Muthee, whose wrongful conduct, including that discussed in paragraphs 7–8, caused

Don Ashton's injuries and death and Kelly Ashton's damages related to his death. Don

Ashton would have been entitled to bring an action had he lived, and Kelly Ashton

suffered actual injuries in the form of past and future pecuniary losses, including the

damages under PJC 9.2 and the loss of care, maintenance, support, services, advice,

counsel, and reasonable contributions of a pecuniary value that Kelly Ashton would have

received from Don had he lived as well as the loss of inheritance (loss of the present

value of the assets that Don, in reasonable probability, would have added to the estate and

---

[7] *See* Tex. Civ. Prac. & Rem. Code §§ 71.001-.012.

left at natural death to Kelly); loss of past and future companionship and society,
including the loss of the positive benefits flowing from the love, comfort, companionship,
and society that Kelly would have received from Don had he lived; and past and future
mental anguish, including the emotional pain, torment, and suffering experienced by
Kelly because of Don's death. Kelly also suffered pecuniary loss in the form of costs for
medical and psychological counseling and treatment as a result of Don's death.

11.     Although Don Ashton died in Kansas, Kelly Ashton may bring the
wrongful-death claims here under section 71.031(a) of the Texas Civil Practice &
Remedies Code, because Don was a citizen of Texas on August 11, 2007;[8] Texas's
wrongful-death statute gives a right to maintain an action for his injuries and death,[9]
Kelly has begun this suit in Texas within the two-year statutory time,[10] and Kelly
currently resides in Texas and resided in Texas on August 11, 2008. Don also resided in
Texas in August 2008.

**D.    Liability of Knight Transportation**

12.     **Wrongful Death.** Knight Transportation is liable for the injuries that
caused Don Ashton's death because (a) the injuries were caused by George Muthee's (its
agent or servant) wrongful act, neglect, carelessness, unskillfulness, or default,[11] and
(b) for the independent reason that it owned and operated the semi tractor trailer for the
transportation of goods and the injuries were caused by its agent's or servant's wrongful

---

[8] *See* Tex. Civ. Prac. & Rem. Code § 71.031(a).

[9] *See* Tex. Civ. Prac. & Rem. Code § 71.031(a)(1); *id.* § 71.002.

[10] *See* Tex. Civ. Prac. & Rem. Code § 71.031(a)(2); *id.* § 16.003(b) (stating that the period is two years from the date of the person's death) Don Ashton died on August 11, 2007, and Kelly filed this suit on March 26, 2009.

[11] *See* Tex. Civ. Prac. & Rem. Code § 71.002(b).

act, neglect, carelessness, unskillfulness, or default in driving the tractor trailer as discussed in paragraphs 7–8.[12]  Kelly Ashton may also sue George Muthee directly.[13]

13.   **Survival.**  Kelly Ashton may bring her survival claim against Knight Transportation—as well as against George Muthee—as if Don Ashton were alive.[14]

14.   *Respondeat Superior.*  Don and Kelly Ashton were injured as a result of George Muthee's tortious driving of the tractor trailer on August 11, 2007 as discussed in paragraphs 7–8.  George Muthee was Knight Transportation's employee on August 11. On that date, he drove the tractor trailer as part of his employment, and his driving of it was within his general authority, in furtherance of Knight Transportation's business of transporting goods, and to accomplish the object—the transportation of goods—for which George Muthee was hired.  Thus, Knight Transportation is vicariously liable for the injuries and damages proximately caused by George Muthee's negligence under the doctrine of *respondeat superior.*

### VI. Prayer for Relief and Jury Demand

15.   Kelly Ashton thus asks the Court to—

a.   enter judgment on each of her and her husband's estate's claims against Knight Transportation and George Muthee;

b.   award full compensatory damages for Kelly and Don Ashton's injuries and damages under PJC 9.2 and 10.2 as discussed in paragraphs 8–10;

---

[12] *See* Tex. Civ. Prac. & Rem. Code § 71.002(c).

[13] *See* Tex. Civ. Prac. & Rem. Code § 71.002(a).

[14] *See* Tex. Civ. Prac. & Rem. Code § 71.021.

c.      award pre- and post-judgment interest at the highest legal rates;

and

d.      award any other appropriate legal and equitable relief.

16.    Under Rule 216, Kelly Ashton requests a trial by jury on all issues so
triable.

Respectfully submitted,

**PEZZULLI BARNES, L.L.P.**

Michael F. Pezzulli
State Bar No. 15881900
Christopher L. Barnes
State Bar No. 00792175
Jack B. Krona, Jr.
State Bar No. 24005304
17300 Preston Road, Suite 220
Dallas, Texas 75252
(972) 713-1300
(972) 713-1313 fax

**ATTORNEYS FOR PLAINTIFF**

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

ORIGINAL

**3-09CV0759-B**

## I. (a) PLAINTIFFS
Kelly Ashton, Individually and on Behalf of the estate of Donald Ray Ashton, Deceased

**DEFENDANTS**
Knight Transportation, Inc. and George M. Muthee

**(b)** County of Residence of First Listed Plaintiff  **Dallas**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant

RECEIVED

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

APR 27 2009

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael Pezzulli, 17300 Preston Rd., Ste. 220, Dallas, TX 75252, (972) 713-1300

Attorneys (If Known)
Michael P. Sharp, Depart and Sharp & Vitullo, 13155 Noel Rd., Ste. 1000 Dallas TX 75240 (972) 934-9100

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☒ 350 Motor Vehicle | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | **PRISONER PETITIONS** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Habeas Corpus:** | **IMMIGRATION** | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 530 General | ☐ 462 Naturalization Application | |
| | | ☐ 535 Death Penalty | ☐ 463 Habeas Corpus - Alien Detainee | |
| | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

*(Additional TORTS column)*

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332 and 1441
Brief description of cause:
Negligence

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE  4/27/09

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse  (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.       (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.      Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.      Origin.** Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**        Example:        U.S. Civil Statute: 47 USC 553
                                                 Brief Description: <u>Unauthorized reception of cable service</u>

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**United States District Court**
**Northern District of Texas**

RECEIVED

APR 2 7 2009

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**Supplemental Civil Cover Sheet For Cases Removed**
**From State Court**

ORIGINAL

3-09CV0759-B

This form must be attached to the Civil Cover Sheet at the time the case is filed in the U.S.
District Clerk's Office. Additional sheets may be used as necessary.

1. **State Court Information:**

   Please identify the court from which the case is being removed and specify the number
   assigned to the case in that court.

   | Court | Case Number |
   |---|---|
   | 160th Judicial District | Cause No. 09-03616 |
   | Dallas County, TX | |

2. **Style of the Case:**

   Please include all Plaintiff(s), Defendant(s), Intervenor(s), Counter-claimant(s), Cross-
   claimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party
   type. Also, please list the attorney(s) of record for each party named and include their bar
   number, firm name, correct mailing address, and phone number (including area code.)

   | Party and Party Type | Attorney(s) |
   |---|---|
   | **Plaintiff** | |
   | Kelly Ashton, Individually and as Executor of the Estate of Donald Ashton | Michael Pezulli State Bar No. 15881900 Christopher L. Barnes State Bar No. 00792175 Jack Krona, Jr. State Bar No. 24005304 17300 Preston Rd., Suite 220 Dallas, TX 75252 (972) 713-1300 (Telephone) (972) 713-1313 (Facsimile) |

**Defendant(s)**

Knight Transportation, Inc.                    Michael P. Sharp
George M. Muthee                               State Bar No. 00788857
                                               Daniel M. Karp
                                               State Bar No. 24012937
                                               Fee, Smith, Sharp & Vitullo, L.L.P.
                                               13155 Noel Road, Suite 1000
                                               Dallas, TX  75240
                                               (972) 934-9100 (Telephone)
                                               (972) 934-9200 (Facsimile)

3.    **Jury Demand:**

      Was a Jury Demand made in State Court?        Yes <u>X</u>      No

          If "*Yes*," by which party and on what date?

          Plaintiff Kelly Ashton                    3/27/09
          _____           _____
          Party                                     Date

4.    **Answer:**

      Was an Answer made in State Court?             Yes        No **XX**

          If "*Yes*," by which party and on what date?

          _____           _____
          Party                                     Date

5.    **Unserved Parties:**

      The following parties have not been served at the time this case was removed:

      **Party**                                     **Reason(s) for No Service**
      N/A

6.    **Nonsuited, Dismissed or Terminated Parties:**

      Please indicate any changes from the style on the State Court papers and the reason for that
      change:

**Party**
N/A

**Reason**

7. **Claims of the Parties:**

The filing party submits the following summary of the claims of each party in this litigation:

| Party | Claim(s) |
|---|---|
| Plaintiffs | Plaintiffs seek to recover actual damages associated with the death of her husband on or about August 11, 2007 during a vehicular accident in Republic County, Kansas. Plaintiff seeks damages both Individually and on behalf of the estate of Donald Ashton, Deceased. |
| Defendant | Defendant generally denies Plaintiffs' allegations and demands proof of all alleged damages and their causal connection to the subject accident. |