**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **KELLY L. ASHTON, Individually and** | § | |
| **as the Independent Executor of the Estate** | § | |
| **of Donald Ray Ashton, Deceased,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **C.A. No. 3-09-cv-0759-B** |
| | § | |
| **KNIGHT TRANSPORTATION, INC.** | § | |
| **and GEORGE M. MUTHEE** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION**
**TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, MOTION TO**
**TRANSFER VENUE and BRIEF IN SUPPORT**

Defendants, KNIGHT TRANSPORTATION, INC. ("Knight") and GEORGE M. MUTHEE

("Muthee") specially appear by and through their attorneys of record, Michael Sharp and Daniel

M. Karp, without waiving any defenses, and pursuant to 28 USC §§ 1391(a) and 1406(a), file

this Reply to Plaintiffs' Response to Defendants' Rule 12(b)(3) Motion to Dismiss for Improper

Venue or, In the Alternative, Motion to Transfer Venue.  Specifically, Defendants have moved

the Court as follows:

1.     To dismiss the action because venue is improper in the Northern District of

       Texas; or, in the alternative,

2.     To transfer venue to the Federal District of Kansas, Topeka Division pursuant to

       Rule 1406(a) of the Federal Rules of Procedure; or, in the alternative,

3.     To transfer venue to the Federal District of Kansas, Topeka Division pursuant to

       Rule 1404(a) of the Federal Rules of Procedure.

I.      **PLAINTIFFS DO NOT REFUTE THAT VENUE IN THE NORTHERN DISTRICT OF TEXAS WOULD BE IMPROPER UNDER 28 U.S.C. § 1391.**

Plaintiffs do not appear to address Defendants' primary position that venue in the Northern District is improper, other than to argue that it was waived by removal. In general, when venue in the original district is proper, Section 1404(a) (the convenience transfer statute) applies; when venue is wrong, Section 1406(a) (the improper venue statute) applies. See *Liaw Su Teng v. Skaarup Shipping Corp*., 743 F.2d 1140, 1147 (5th Cir. 1984) (holding 28 U.S.C. §1404(a) "concerns transfer of a case filed in a proper venue, whereas Section 1406(a) concerns transfer of a case filed in a court in which venue was not properly laid")(overruled in part on other grounds by *In re Air Crash Disaster near New Orleans*, 821 F.2d 1147, 1987 U.S. App. LEXIS 9873, 1987 A.M.C. 2735 (5th Cir. La. 1987).

Section 1406(a) provides that if a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Assuming Plaintiffs are correct that dismissal is unavailable in a removed case, (a position that Defendants dispute) the case still should be transferred to the other district in which it could have been brought – the District of Kansas.

It is now axiomatic that, in diversity cases an action may only be filed in a district where one or more of the following applies:

(1)     Where any defendant resides, if all defendants reside in the same state;

(2)     In which a substantial part of the events or omissions giving rise to the claim occurred, or in which a substantial part of the property at issue is situated; or

(3)     In which any defendant is subject to personal jurisdiction at the time the action is commenced, **if there is no district in which the action may otherwise be brought.**

See 28 U.S.C. § 1391.

Defendants have previously provided undisputed evidence that the residence of Defendant Knight is in the State of Arizona and the residence of Defendant Muthee is in the State of California. *See, e.g, Defendants' Response to Plaintiff's Motion to Remand and exhibits thereto.* Plaintiffs simply do not, and cannot, show that this action could have been brought in the Northern District of Texas because no Defendant resides here and the accident did not occur here. If Plaintiff's waiver argument is correct, a Plaintiff could simply "create" a proper venue by filing suit in that venue in state court. Because a Defendant cannot transfer a state court action from one state to another, the Defendant would be forced to remove, and then the Plaintiff could argue that the removal effectively "creates" proper venue in a district where venue was never proper to begin with. However, courts routinely transfer cases after removal pursuant to section 1406. See, e.g., *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137 (5th Cir. 2007); *Spar, Inc. v. Information Resources, Inc.*, 956 F.2d 392 (2d Cir. N.Y. 1992). This would simply not be the case if removal always prohibited a transfer for improper venue under section 1406.

Even if Plaintiffs are correct, the filing of this action in an improper venue certainly weighs against the argument that maintaining the case in the Northern District of Texas is "in the interest of justice" – the governing factor under both section 1404 and 1406. *See, e.g., Dubin v. United States*, 380 F.2d 813, 816 n.5 (5th Cir. 1967) ("It is obviously not 'in the interest of justice' to allow [§ 1406] to be used to aid a non-diligent plaintiff who knowingly files a case in the wrong district.").

Because venue is improper in the United States District Court for the Northern District of Texas, Dallas Division, this Court should dismiss the cause, or alternatively, transfer it to the proper venue of the United States District Court for the Federal District of Kansas, Topeka Division, based upon the criteria outlined above and the connection with Republic County, Kansas.

## II.  TRANSFER IN THE INTEREST OF JUSTICE

In the alternative, Defendants requests transfer under 28 USC § 1404 which allows transfer for the convenience of the parties and witnesses and in the interest of justice.  Nothing in the Plaintiffs' response refutes the following facts as established by Defendants' Motion:

>     (1)     The accident which forms the basis of this lawsuit occurred in the Federal District of Kansas, Topeka Division.

This is fully established by the previously filed evidence and is not refuted by Plaintiffs. In tort cases, the site of the accident is given great weight considering the access to proof and witnesses.  *See Leppard v. Jordan's Truck Line*, 110 F. Supp. 811 (E.D.S.C. 1953) (transferring from South Carolina to North Carolina a personal injury case arising from accident in North Carolina); *Akers v. Norfolk and Western Railway Co.*, 378 F.2d 78 (4th Cir. 1967)(granting writ of mandamus ordering the transfer to West Virginia of an action filed in Virginia by a railroad employee who was injured in West Virginia, where the significant witnesses resided); *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 989-990 (E.D.N.Y. 1991) (transfer ordered to district in which accident took place when none of operative events took place in transferor district); *Morales v. Navieras de Puerto Rico*, 713 F. Supp. 711, 713 (S.D.N.Y. 1989) (transfer to site of assault was granted because no acts relating to assault took place in transferor district, and

most of relevant documents and witnesses were located at site of assault, although at least one

admittedly key witness, the assailant, resided in transferor district and was not subject to

subpoena power of court to which transfer was ordered); *Dicken v. United States*, 862 F. Supp.

91, 94-95 (D. Md. 1994) (transfer from plaintiff's home forum to site of accident); *see generally*

*Chedid v. Boardwalk Regency Corp.*, 756 F. Supp. 941, 944 (E.D. Va. 1991)(cataloguing several

other cases which were transferred from plaintiff's home state to a district in a state where the

accident occurred).

> (2)    None of the witnesses, with the exception of one, reside in the Dallas
> Division of the Northern District of Texas; (e.g, witnesses to the accident,
> government officials who investigated the incident, first responders,
> medical personnel, coroner, and police officers).

The inquiry under section 1404(a) is the location of "key witnesses."  *See In Re*

*Volkswagen AG*, 371 F.3d 201, 204 (5th Cir. 2004).  Plaintiffs state that two witnesses, Kelly

Ashton and William Helton, lived in the Northern District of Texas at the time of the accident.

While those witnesses claim to have seen the initial impact between their vehicle and the vehicle

being driven by Jacob Valek, neither claim to have witnessed any impact between this

Defendant's vehicle and the decedent or the decedent's vehicle (in fact, there is currently no

evidence that such contact ever occurred). *See Defendants' Motion to Transfer Venue*, Appendix

at p. 12.  As such, these witnesses are not "key" with regard to the liability, if any, of this

Defendant.  The only other witness cited by Plaintiffs, Billy and Deborah Chick, reside in San

Antonio, which is in the Western District of Texas.  Plaintiffs have not shown that travel to

Topeka would be significantly more onerous for the Chicks than travel to Dallas.

(3)     Any witnesses outside Republic County, Kansas will likely be outside of

the 100 mile subpoena range under Rule 45(b)(2) of the Federal Rules of

Civil Procedure.

Plaintiffs do not refute this assertion.

(4)     None of the evidence to be marshaled in this cause can be found in the

Dallas Division of the Northern District of Texas.

There is no physical evidence cited by Plaintiffs that is located in Texas. Plaintiffs'

reference to Defendants' vehicle being in California is a red herring, since access to that vehicle

is no more convenient for residents of Texas than residents of Kansas.

Most importantly, the facts of this case make it imperative that the officers who initially

responded to and investigated the accident testify at trial, all of whom presumably reside in

Kansas.  This fact is also not refuted by Plaintiffs, and weighs heavily in favor of transfer. *See*

*Hernandez v. Graebel Van Lines*, 761 F. Supp. 983 (E.D.N.Y. 1991)(holding that this factor

heavily supported transfer where factual eye-witnesses, medical personnel, investigating police

officer all haled from the transferee district, and only the plaintiff himself and his treating

physicians were from the transferor district).

In addition to the common factors addressed above, Defendants contend that additional

parties are necessary and indispensable for the further prosecution and defense of this lawsuit,

and that such parties reside in Republic County, Kansas.  In particular, Defendants will need to

join the estate of Jacob Valek, the deceased fifteen (15) year old driver that initiated and

proximately caused the Plaintiffs' vehicle to flip over, eject Mr. Ashton, and cause his death.

Because the estate of Mr. Valek has no connection to Texas, this Court will not have personal

jurisdiction over Mr. Valek's estate and it therefore cannot be added to this lawsuit and KNIGHT

would be precluded from offering defenses afforded to it under law.  *See Bartolacci v. Presiding*

*Bishop of the Church of Latter Day Saints*, 476 F. Supp. 381 (E.D. Pa. 1979) (automobile

accident case transferred from Pennsylvania, plaintiff's home state, to Maine where accident

occurred; where court found persuasive that defendant could not implead a third-party in

Pennsylvania).

The importance of the Plaintiff's choice of venue is diminished when, as in this case, the

chosen forum has no significant connection to the incident giving rise to the suit.  *See In re E.*

*Dist. Repetitive Stress Injury Lit.*, 850 F. Supp. 188, 194 (E.D.N.Y. 1994) ("when a plaintiff's

chosen forum has no connection to the events which gave rise to the claim for relief, plaintiff's

choice of forum is a less weighty consideration"); *U.S. Fidelity and Guar. Co. v. Republic Drug*

*Co., Inc.*, 800 F. Supp. 1076, 1081 (E.D.N.Y. 1992); *Hernandez v. Graebel Van Lines*, 761 F.

Supp. 983, 990 (E.D.N.Y. 1991); *IBM Credit Corp. v. Definitive Computer Services, Inc.*, 1996

U.S. Dist. LEXIS 2385 (N.D. Cal. 1996) ("ordinarily, where the forum lacks any significant

contact with the activities alleged in the complaint, plaintiff's choice of forum is given

considerably less weight, even if the plaintiff is a resident of the forum").

Finally, the overriding factor governing the court's decision is whether the transfer would

be "in the interest of justice."  Plaintiffs do not refute that venue would be improper in the

Northern District under 28 U.S.C. § 1391, as the accident did not occur there, nor does any

defendant reside there.  They merely argue that section 1391 does not apply to removed actions.

However, it is indisputable that had this case been originally filed in Federal Court (as it should

have been, pursuant to the reasoning in this Court's recent denial of Plaintiffs' Motion to

Remand) then it would have undoubtedly been subject to dismissal or transfer for improper venue under 28 U.S.C. § 1406.  The fact that this case was required to be removed first (because Plaintiffs improperly filed it in state court) should not change that result, especially when the interest of justice is a paramount component of the Court's determination of this issue.

## IV.  CONCLUSION

Because Plaintiff filed suit in an improper district, the Court should dismiss Plaintiff's suit by way of its authority under FED. R. CIV. P. 12(b)(3).  Alternatively, this Court should transfer the suit to the proper forum in the United States District Court for the Federal District of Texas, Kansas Division, according to the provisions of 28 USC §1406(a) or in the interest of justice as articulated in 28 USC §1404(a).

Respectfully submitted,

**/s/ Michael P. Sharp**

_____

**MICHAEL P. SHARP**
State Bar No. 00788857
**DANIEL M. KARP**
State Bar No. 24013268
**FEE, SMITH, SHARP & VITULLO, L.L.P**
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas  75240
(972) 934-9100 (Telephone)
(972) 934-9200 (Facsimile)

**ATTORNEYS FOR DEFENDANTS
KNIGHT TRANSPORATION, INC.
AND GEORGE M. MUTHEE**

## CERTIFICATE OF CONFERENCE

Counsel for Defendant Daniel Karp and counsel for Plaintiffs Jack Krona conducted a telephone conference on April 27, 2009 in which there was a substantive discussion of every item presented to the Court in this Motion.  Despite the best efforts, the counsel have not been able to resolve those matters presented as Plaintiff is not in agreement with transfer to Kansas, Topeka Division.


**/s/ Daniel M. Karp**

_____

**DANIEL M. KARP**


## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of June, 2009, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.  The electronic filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

Michael F. Pezzulli
Christopher L. Barnes
Jack B. Krona
Pezulli Barnes, L.L.P.
17300 Preston Road, Suite 220
Dallas, Texas 75252


**/s/ Michael P. Sharp**

_____

**MICHAEL P. SHARP**