UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLY L. ASHTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:09-CV-0759-B |
| | § | |
| KNIGHT TRANSPORTATION, INC.; | § | |
| GEORGE M. MUTHEE, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Pending before the Court is Defendants Knight Transportation Inc. ("Knight Transportation") and George M. Muthee's ("Muthee," and together with Knight Transportation, "Defendants") Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer Venue (doc. 5) (the "Motion"). Having considered the Motion and briefings of the parties, the Court is of the opinion that the Motion should be and hereby is **DENIED**.

### I.

### BACKGROUND[1]

This case concerns a car accident that occurred in the State of Kansas. On August 11, 2007, Plaintiff Kelly Ashton ("Ashton"), her husband, Donald Ashton, and friend, William Helton ("Helton") were driving from Kansas to Texas on US-81. (Pet. ¶ 7.) Helton drove the vehicle, a General Motors Hummer H3, which hauled an open-bed trailer carrying motorcycles. (*Id.*) At 12:05 a.m., fifteen-year-old Jacob Valek ("Valek") ran a stop sign in his Chevrolet Camaro and

---

[1] As explained *infra*, the account of facts derives from the following sources: the Petition, Defendants' Motion to Dismiss for Improper Venue, Defendants' Notice of Removal, and court papers and corresponding attachments.

collided with the Hummer. (*Id.*) Evidence indicates that Valek had been drinking alcohol and was speeding at the time of the crash. (Def.s' Mot. to Dismiss for Improper Venue 2.) As a result of the collision, the Hummer rolled, and Donald Ashton, allegedly still alive, was ejected from the vehicle. (Pet. ¶ 7.) Approximately one minute later, Muthee, a California resident and employee of Knight Transportation,[2] drove an eighteen-wheeler semi-tractor trailer at high speed into the debris field. (*Id.*; Def.s' Mot. to Dismiss for Improper Venue 25, Ex. 2.) Muthee allegedly did not slow down and consequently struck a motorcycle that the Hummer had been transporting as well as Donald Ashton, who then died. (Pet. ¶ 7.) Muthee continued to drive, failing to stop at the scene of the accident. (*Id.*) The crash between the Hummer and Valek's Camaro permanently paralyzed Ashton and injured Helton. (*Id.*) Valek was killed. (*Id.*)

On March 27, 2009, Ashton, a Texas resident, (*id.* at ¶ 2), filed a petition in the 160th Judicial District of Dallas County, Texas, (*see generally id.*). Ashton is seeking to recover wrongful death and survivorship damages allegedly resulting from the accident. (*Id.* at ¶¶ 8-10.) On April 27, 2009, Knight Transportation and Muthee removed the suit to this Court based on diversity jurisdiction, 28 U.S.C. § 1332. (Def.s' Notice of Removal 2.) On May 1, 2009, Defendants filed the instant Motion. In their Motion, Defendants seek dismissal of the suit for improper venue or, alternatively, for transfer of venue to the Federal District of Kansas. The parties have fully briefed the Motion, and the Court now moves to the merits of its decision.

## II.

## LEGAL STANDARDS

A.   *Dismissal for Improper Venue*

---

[2] Neither party disputes that Knight Transportation is incorporated and has its principal place of business in Arizona. (Def.s' Resp. to Pl.'s Mot. To Remand 3.)

FED. R. CIV. P. 12(b)(3) provides for the dismissal of civil actions for improper venue. When a defendant questions the plaintiff's choice of venue, the burden shifts to the plaintiff to identify facts establishing that venue is appropriate in the district in which the action is pending.[3] *Examination Management Services, Inc. v. Partners for Insurance, L.L.C.*, No. 3:03-CV-1665-B, 2005 WL 280323, at *6 (N.D. Tex. Feb. 3, 2005) (Boyle, J.). In determining whether venue is proper, "the Court accepts uncontroverted facts alleged in the complaint as true and resolves conflicts in the parties' affidavits in favor of the plaintiff." *Id.*

Although venue in federal court is generally governed by 28 U.S.C. § 1391, in cases that are removed from state to federal court, the United States Supreme Court has explained that venue is governed by 28 U.S.C. 1441(a). *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953); *Burlington Northern & Santa Fe Ry. Co. v. Herzog Services, Inc.*, 990 F. Supp. 503, 504 (N.D. Tex. 1998). In relevant part, § 1441(a) states that a civil action may be removed "to the district court of the United States for the district and division embracing the place where such action is pending." As a result, when the defendant voluntarily removes a pending state court action, venue is proper in the district court where the suit is removed. *Republic Capital Dev. Group, L.L.C., v. A.G. Dev. Group, Inc.*, No. Civ.A. H-05-1714, 2005 WL 3465728, at *8 (S.D. Tex. Dec. 19, 2005) (citing *Polizzi*, 345 U.S. at 666)).

---

[3] The Court recognizes that the federal district courts in the Fifth Circuit have been inconsistent on the question of which party bears the burden of proof on FED. R. CIV. P. 12(b)(3) motion for improper venue. *Compare Optimum Return LLC v. Cyberkatz Consulting, Inc.*, No. 3:03-CV-1064-D, 2004 WL 827835, at *4 (N.D. Tex. March 26, 2004) (Fitzwater, J.) (stating that once an objection to venue is raised by motion, the burden of sustaining venue shifts to the nonmoving party); *and Ind., Inc. v. Amega Ind., Inc.*, No. 3:98-CV-1440-P, 1998 WL 826907, at *2 (N.D. Tex. Nov. 18, 1998) (Solis, J.) (same) (citing *Advanced Dynamics Corp. v. Mitech Corp.*, 729 F.Supp. 519, 519 (N.D. Tex. 1990)); *with Texas Marine & Brokerage, Inc. v. Euton*, 120 F. Supp. 2d 611, 612 (E.D. Tex. 2000) (stating that the burden to demonstrate why venue is improper lies with the movant); *and Sanders v. Seal Fleet, Inc.*, 998 F. Supp. 729, 733 (E.D. Tex. 1998) (same). However, neither party has raised this issue before the Court and the Court does not need to answer this question to decide this Motion, as the plaintiff have shown that venue is proper in this Court.

3

B.      *Transfer of Venue*

28 U.S.C. § 1404 provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In transferring a case, a court seeks "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . .'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citing *Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26-27 (1960)).

In assessing a motion to transfer, the Court first must determine whether the judicial district where the defendant is seeking to transfer the case is a district where the claim could have originally been filed. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *In re Volkswagen I*]. If the complaint could have been filed in the alternate venue, the court must then weigh a series of private and public interest factors, none of which is given dispositive weight. *In re Volkswagen of America, Inc.* 545 F.3d 304, 315 (5th Cir. 2008) (en banc) [hereinafter *In re Volkswagen II*] (citations omitted). The private concerns include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Id*. The public concerns include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws in the application of foreign law." *Id.* The plaintiff's choice of forum is entitled to deference; the defendant bears a "good cause" burden and must "clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Id.* (quoting

4

28 U.S.C. § 1404(a)).

## III.

## ANALYSIS

Defendants contend that the Northern District of Texas is an improper venue for the case. As a result, they claim that the case should be dismissed, or in the alternative, transferred to the Federal District of Kansas. Ashton responds that her chosen venue is appropriate and that the Defendants have not carried their burden to show that considerations of convenience and justice clearly favor transfer. The Court will address the Motion to Dismiss and Motion to Transfer in turn.

A.  *12(b)(3) Motion to Dismiss*

Defendants argue that the Northern District of Texas is an improper venue, and as such, this cause should be dismissed. In support of this contention, Defendants point to 28 U.S.C. § 1391(a), which provides that venue is appropriate where at least one defendant is subject to personal jurisdiction *only* if the plaintiff cannot bring the action in one of two alternative venues: first, in a judicial district where any defendant resides, if all defendants reside in the same state; and second, in a district where a substantial part of the events giving rise to the claim occurred. *See* 28 U.S.C. § 1391(a). Defendants argue that because venue would be proper in the Federal District of Kansas, where the events giving rise to the action occurred, this Court offers an improper venue. In response, Ashton contends that § 1391 does not govern venue where, as here, a case has been successfully removed from state to federal court.

The United States Supreme Court has explained that 28 U.S.C. § 1391(a) does not govern venue in cases that have been removed from state court. *See Polizzi*, 345 U.S. at 665. Rather, venue is governed by 28 U.S.C. § 1441(a). *See id.* Accordingly, because the Defendants previously filed

5

a Notice of Removal, venue is governed by § 1441. *See id.; Burlington Northern*, 990 F. Supp. at 504. Under § 1441, venue is proper where the state action is pending at the time of removal; here, the Northern District of Texas. *See Republic Capital Dev. Group, L.L.C.*, 2005 WL 3465728, at *8 (citing *Polizzi*, 345 U.S. at 666)). Thus, although Defendants' reading of § 1391 is correct, *see, e.g., Algodonera De Las Cabezas, S.A. v. American Suisse Capital, Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005), it is well established that when the defendant voluntary applies for removal, venue is proper in the district court where the suit is removed, *see Polizzi*, 345 U.S. at 666. Accordingly, the Motion to Dismiss for Improper Venue is **DENIED**.

B.  *Motion to Transfer*

Defendants next ask the Court to transfer venue to the Federal District of Kansas, Topeka Division, pursuant to 28 U.S.C. § 1404(a).[4] The parties agree that the venue would be appropriate in Kansas. Because the accident that gives rise to this cause of action occurred in Kansas, both parties would be subject to personal jurisdiction and the Federal District of Kansas would be proper under the venue statute. *See* 28 U.S.C. § 1391(a). Having established that the Federal District of Kansas is a district in which the claim could have been filed, the Court will now determine whether the convenience factors weigh clearly in favor of transfer. *See In re Volkswagen II* 545 F.3d at 315.

i.  Private Interest Factors

    a.  The Relative Ease of Access to Sources of Proof

Ashton contends that substantial physical evidence is in the Northern District of Texas,

---

[4] Defendants moved alternatively to transfer pursuant to 28 U.S.C. § 1406(a), which gives federal courts authority to transfer cases brought in an improper venue. As discussed *supra*, such an argument runs contrary to well-established law that governs venue in cases that have been removed. *See Polizzi*, 345 U.S. at 665. As venue is appropriate in the Northern District of Texas, § 1406(a) does not apply to this case.

including the Hummer involved in the accident. (Pl.'s Resp. to Def.s' Mot. to Dismiss 12.) Moreover, important documentary evidence, including the police and coroner's reports, have already been stored electronically in this district. (*Id.* at 13.) Finally, other physical evidence, including the truck involved in the accident, is not in Kansas, but in California. (*Id.* at 12) The Defendants fail to address this factor and offer no evidence that would suggest that transfer is appropriate here. Accordingly, this factor weighs in favor of Ashton.

    b.    <u>The Availability of Compulsory Process to Secure the Attendance of Witnesses</u>

FED. R. CIV. P. 45(b)(2)(B) provides that a district court has subpoena power over persons located outside the district if they are within 100 miles of the location of the proceeding. In the instant case, each party contends that residences of the relevant witnesses favor their desired venue districts.

Because the defendant bears the burden to demonstrate that transfer is appropriate, the defendant "must specifically identify the key witnesses and outline the substance of their testimony." *Salinas v. O'Reilly Automotive, Inc.*, 358 F. Supp. 2d 569, 572 (N.D. Tex. 2005) (Boyle, J.) (citations omitted). Here, Defendants contend that transfer is appropriate because the investigative officers who arrived at the accident "presumably reside in Kansas." (Def.s' Reply to Pl.'s Resp. 6.) Given that the Defendants must offer specific information about potential witnesses, such a bare allegation is wholly insufficient. *See Salinas*, 358 F. Supp. 2d at 572. On the other hand, Ashton has submitted evidence that many of the potential witness in this case either live in the Northern District of Texas or would not be subject to process in either this Court or in Kansas. (Pl.'s Resp. to Def.s' Mot. to Dismiss 7-8.) The driver of the Hummer at the time of the accident, Helton, currently lives in Frisco, Texas, and would be subject to process in this Court. (*Id.* at 7.) Two key witnesses, Billy and

Deborah Chick, live in San Antonio, Texas, (*Id.* at 7-8.), and would not be subject to service of process in either this Court or in the Federal District of Kansas; however, their proximity to Dallas makes it more feasible to visit this Court. Other witnesses, including a police detective who searched Muthee's truck, live in California. (*Id.*)

Although neither venue could compel testimony from all potentially relevant witnesses, Helton resides within this judicial district, and his attendance could be compelled in Dallas. Therefore this factor weighs slightly in Ashton's favor.

> c.  The Cost of Attendance for Willing Witnesses

Ashton notes that attendance in this Court would be less expensive for Helton, and likely more feasible for other witnesses because Dallas has two major airports. (Pl.'s Resp. to Def.s' Mot. to Dismiss 15.) Defendants state only that Ashton has "not shown that travel to Topeka would be significantly more onerous" than travel to Dallas. (Def.s' Reply to Pl.'s Resp. 5.) Such an argument belies the burden that Defendants must carry to persuade the Court that transferring the case would maximize efficiency and minimize inconvenience. *See Van Dusen*, 376 U.S. at 616; *In re Volkswagen II*, 545 F.3d at 314 (stating that the moving party must "satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" (quoting 28 U.S.C. § 1404(a))). The Defendants have not shown that it would be clearly more convenient for the witnesses, particularly those who live in Texas, to testify in Kansas. Thus, this factor weighs in favor of Ashton.

> d.  All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

Defendants argue that the Federal District of Kansas is the proper venue for trial because they

8

desire to bring a third party action against Valek's estate, and Valek's estate would not be subject to personal jurisdiction in this Court. In response, Ashton notes that the Defendants have not provided evidence that joining Valek's estate is necessary for the adjudication of this case. (Pl.'s Resp. to Def.s' Mot. to Dismiss 9.)

The statutory language of § 1404(a) does not limit the application of the terms "parties" and "witnesses" to those involved in the original compliant. *In re Volkswagen I*, 371 F.3d at 204. Thus, the Court may also consider "parties and witnesses in all claims and controversies properly joined in a proceeding." *Id.* In order to maximize efficiency, courts may transfer cases for the purposes of consolidating simultaneously pending actions that are based on the same issues. *Continental Grain Co.*, 364 U.S. at 26. In cases where there is no pending action, but the defendant alleges a claim against a third party who is not amenable to service in the plaintiff's chosen forum, courts consider whether complete relief could be granted without the joinder. *See Sierra Club v. Leathers*, 754 F.2d 952, 954 (11th Cir. 1985). Few cases in the Fifth Circuit have dealt with this matter, but in a case from the Southern District of Texas, the court noted that because the issues at hand were not closely related to a potential claim against a third party that inconsistent results were unlikely. *United Nat'l Ins. Co. v. EOG Resources, Inc.*, No. H-07-556, 2007 WL 3001668, at *5 (S.D. Tex. Oct. 11, 2007).

Here, the Defendants rely on a conclusory allegation without providing legal or evidentiary support. Defendants have not offered evidence that would indicate that this Court would be unable to grant complete relief without joining Valek's estate. *See Sierra Club*, 754 F.2d at 954. While the Court may consider persons who are not parties in the original complaint, there is no other pending

9

suit that might be consolidated.[5] *See Continental Grain Co.*, 364 U.S. at 26; *United Nat'l Ins. Co.*, 2007 WL 3001668, at *5. Thus, the Defendants have failed to demonstrate that these claims are so related that a court would be likely to produce inconsistent results if the parties brought separate claims. *See United Nat'l Ins. Co.*, 2007 WL 3001668, at *5.

Because a third party who could be joined as a defendant would not be subject to personal jurisdiction in this Court, this factor weighs slightly in favor of the Defendants.

ii.     Public Interest Factors

Defendants fail to proffer arguments concerning the public interest factors; however, Ashton briefly addresses these issues. The following public factors are helpful in the Court's balancing of the relative convenience of each venue.

a.      Administrative Difficulties Flowing from Court Congestion

Neither party has presented any evidence on the topic of court congestion. This factor thus plays no role in the Court's analysis.

b.      The Local Interest in Having Localized Interests Decided at Home

Ashton argues that Texas has an interest in allowing for a widow to recover damages from a wrongful death. (Pl.'s Resp. to Def.s' Mot. to Dismiss 17.) Defendants do not refute this argument or address the issue. This factor does not weigh heavily in the Court's analysis.

c.      The Familiarity of the Forum with the Law that Will Govern the Case

---

[5] The Eastern District of Texas has transferred at least one case involving a possible third party indemnity claim to avoid repetitive litigation, reasoning that doing so would be in the interests of justice. *Fletcher v. Exxon Shipping Co.*, 727 F. Supp. 1086, 1087 (E.D. Tex. 1989). In *Fletcher*, however, the court determined that *convenience* also favored transfer, as a number of relevant witnesses were located near the movant's preferred venue. *Id.* Here, in contrast, as discussed *supra*, convenience of the parties and witnesses favors venue in this Court and, importantly, the Defendants have failed to explain why Valek's estate is necessary for the adjudication of this claim. Moreover, *Fletcher's* reasoning has been met with resistance in other courts. *See United Nat'l Ins. Co.*, 2007 WL 3001668, at *5 n.4

Defendants do not address the issue, but Ashton contends that this Court has greater familiarity with Texas state law. (*Id.* at 19.) Given that this Court sits within Texas and frequently applies Texas state law, this factor weighs in favor of Ashton.

    d.    <u>The Avoidance of Unnecessary Problems of Conflict of Laws in the Application of Foreign Law</u>

Neither party addresses this issue. This factor thus plays no role in the Court's analysis.

After considering the foregoing factors, the Court concludes that the Defendants have not carried their burden to clearly persuade the Court that a transfer would better serve the interests of convenience or justice. Because Defendants have failed to meet their burden, the Motion to Transfer is **DENIED**. The evidence indicates that a transfer pursuant to § 1404(a) is not warranted.

## IV.

## CONCLUSION

For the reasons stated above, both Defendants' Motion to Dismiss for Improper Venue and Motion to Transfer pursuant to 28 U.S.C. § 1404(a) are **DENIED**.

**SO ORDERED.**

**DATED: August 6, 2009**

                              _____
                              JANE J. BOYLE
                              UNITED STATES DISTRICT JUDGE