IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLY L. ASHTON § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | NO. 3-09-CV-0759-B | |
| § | | |
| KNIGHT TRANSPORTATION, INC., § | | |
| ET AL. § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM ORDER

Plaintiff Kelly L. Ashton, individually and in her capacity as Independent Executor of the Estate of Donald Ray Ashton, has filed a motion to compel discovery in this negligence action brought under the Texas wrongful death and survival statutes. The lawsuit arises out of a three-vehicle accident that occurred shortly after midnight on August 11, 2007, near Belleville, Kansas. According to plaintiff, a car driven by Jacob Valek ran a stop sign and struck the vehicle in which plaintiff and her husband, Don, were traveling. Don was ejected from the vehicle onto the road, but survived the crash until an 18-wheel tractor trailer truck owned by Defendant Knight Transportation, Inc. and operated by its employee, George Muthee, drove into the debris field and hit some of the wreckage, tearing off a large piece of faring from the truck that struck and killed Don. Muthee left the accident scene without notifying the authorities. Later, the police used the faring to track Muthee to California.

The instant discovery dispute involves two document requests served on Defendant Knight Transportation, Inc.:

**Request No. 8:**

Please produce a copy of the driver-vehicle-inspection report for the truck for each day's work between June 11, 2007 to October 11, 2007. A "driver-vehicle-inspection" report includes the report required by 49 C.F.R. Section 396.11.

**Request No. 26:**

Please produce a copy of George Muthee's record of his duty status, under 49 C.F.R. section 395.8 for June 11, 2007 to September 11, 2007.

Although defendant has agreed to produce responsive documents for the time period of July 10, 2007 to August 12, 2007, plaintiff wants documents for the time period specified in her discovery request. The parties have briefed their respective positions in a joint status report filed on December 3, 2009, and the motion is ripe for determination.[1]

Rule 26(b) allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b)(1). The information sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* As the party seeking discovery, plaintiff must establish this threshold burden. *See E.E.O.C. v. Renaissance III Organization*, No. 3-05-CV-1063-B, 2006 WL 832504 at *1 (N.D. Tex. Mar. 30, 2006) (Kaplan, J.), *citing Vardon Golf Co., Inc. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 650 (N.D. Ill. 1994) ("To place the burden of proving that the evidence sought is not reasonably calculated to lead to the discovery of admissible evidence on the opponent of discovery is to ask that party to prove a negative. This is an unfair burden, as it would require a party to refute all possible alternative uses of the evidence, possibly including some never imagined by the proponent."). Once plaintiff establishes that the documents requested are within the scope of

---

[1] The parties have resolved a number of other discovery disputes by agreement, and agreed that other potential discovery disputes need not be decided by the court at this time. (*See* Jt. Stat. Rep. at 3-14, 16-19).

permissible discovery, the burden shifts to defendant to show why discovery should not be permitted. *See Spiegelberg Manufacturing, Inc. v. Hancock*, No. 3-07-CV-1314-G, 2007 WL 4258246 at *1 (N.D. Tex. Dec. 3, 2007) (Kaplan, J.) (citing cases).

The daily inspection reports and log documents requested by plaintiff are unquestionably relevant to her claims. Indeed, defendant does not argue otherwise. Rather, defendant's only objection is that the time period specified by plaintiff--four months for Request No. 8 and three months for Request No. 26--is overly broad, unduly burdensome, and irrelevant to the claims made the basis of this suit. No authority is cited to support these objections. Nor does defendant explain, much less prove, how or why it would be unduly burdensome to produce daily inspection reports from June 11, 2007 to October 11, 2007, and log documents from June 11, 2007 to September 11, 2007. On the record before the court, defendant has failed to meet its burden of establishing a legal or factual basis for its objections.

## CONCLUSION

For these reasons, plaintiff's motion to compel [Doc. #39] the production of documents responsive to Request Nos. 8 and 26 is granted. Defendant shall produce daily inspection reports from June 11, 2007 to October 11, 2007, and log documents from June 11, 2007 to September 11, 2007. Such production shall be made within 30 days from the date of this order, unless the parties extend this deadline by agreement.

SO ORDERED.

DATED: December 4, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE