UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLY L. ASHTON, Individually and as the Independent Executor of the Estate of Donald Ray Ashton, Deceased, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:09-CV-0759-B |
| KNIGHT TRANSPORTATION, INC. and GEORGE M. MUTHEE, | § | |
| Defendants and Third-Party Plaintiffs, | § | |
| v. | § | |
| WILLIAM R. VALEK, et al., | § | |
| Third-Party Defendants. | § | |

**MEMORANDUM ORDER AND OPINION**

Before the Court is Third-Party Defendants' Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction and Brief in Support Thereof (doc. 35). For the reasons stated below, the Court finds the Motion should be and hereby is **GRANTED**[1] (doc. 35).

## I.

## BACKGROUND[2]

[1]In accordance with this Memorandum Order and Opinion, the Court finds Third-Party Defendants' Motion seeking a ruling on its Motion to Dismiss (doc. 47) should be and hereby is **GRANTED** (doc. 47).

[2]The Court takes its factual account from the allegations contained in Defendant Knight Transportation, Inc. and George M. Muthee's Third Party Complaint (doc. 23). *See D.J. Invs., Inc. v.*

This action arises out of an automobile accident occurring in Republic County, Kansas on August 11, 2007. (*See generally* Def. Knight Transportation, Inc. and George M. Muthee's Third Party Compl.) On the night in question, Jacob Valek, a fifteen year old boy, was driving William Valek's 1988 Chevrolet Camaro with both William Valek's knowledge and consent. (*Id*. at ¶¶ 8-9.) While operating the vehicle at an excessive speed and under the influence of alcohol, Jacob Valek disregarded a stop sign and broadsided the front passenger side of a 2006 Hummer driven by William Helton. (*Id*. at ¶¶ 10, 12, 16.) Don Ashton, the owner of the 2006 Hummer, was seated in the Hummer's front passenger seat. (*Id*. at ¶¶ 14-15.) Don Ashton's wife, Kelly Ashton, was seated in the Hummer's rear seat. (*Id*. at ¶ 15.) As a result of the collision, Don Ashton was ejected from the 2006 Hummer to his death. (*Id*. at ¶ 17.)

On March 27, 2009, Kelly L. Ashton, acting both individually and as the independent executor of the Estate of Donald Ray Ashton, filed suit against Knight Transportation, Inc. and George M. Muthee in Texas state court. The action was removed to this Court on April 27, 2009 (doc. 1). On August 10, 2009, Defendants Knight Transportation, Inc. and George M. Muthee filed a Third-Party Complaint against William R. Valek and Teresa Valek, individually and as heirs to the Estate of Jacob Valek, and Gregory A. Lee as Special Administrator of the Estate of Jacob C. Valek (doc. 23). On October 5, 2009, William R. Valek, Teresa Valek, and Gregory A. Lee (the "Third-Party Defendants") filed the instant Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (doc. 35). Having considered the Third-Party

---

*Metzeler MotorcycleTire Agent Gregg, Inc.*, 754 F.2d 542, 546 (5th Cir. 1985).

Defendants' briefing[3] and the relevant law, the Court now turns to the merits of its decision.

## II.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows for the dismissal of an action in which the court lacks personal jurisdiction over the defendant. A federal court may assert jurisdiction over a nonresident defendant in a diversity suit if the state's long arm statute applies and due process is satisfied under the fourteenth amendment to the United States Constitution. *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 616 (5th Cir. 1989). Texas courts have interpreted the Texas long-arm statute as "extending to the limits of due process." *Bullion v. Gillespie*, 895 F.2d 213, 215 (5th Cir. 1990). Accordingly, to determine whether it may assert jurisdiction under the Texas long-arm statute, a federal court must determine whether jurisdiction comports with federal constitutional guarantees of due process. *Id.* at 216.

"Due process requires that a district court seeking to exercise personal jurisdiction over a nonresident defendant must first conclude that the nonresident defendant has purposefully established 'minimum contacts' with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *WNS, Inc. v. Farrow*, 884 F.2d 200, 202 (5th Cir. 1989)(quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A nonresident defendant's minimum contacts may either support an assertion of "specific" or "general" jurisdiction. *Id.* at 202.

A court may exercise "specific" jurisdiction when a cause of action arises out of a

---

[3]The Court notes a response has not been filed by the Third-Party Plaintiffs in regard to the instant Motion to Dismiss.

defendant's purposeful contacts with the forum. *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361-62 (5th Cir. 1990). Alternatively, a court is said to have "general jurisdiction" when a defendant has engaged in continuous and systematic contacts with the forum. *Id.*

The party seeking to invoke federal jurisdiction bears the burden of establishing the requisite minimum contacts. *WNS*, 884 F.2d at 203. Further, "uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists." *D.J. Invs*, 754 F.2d at 546.

**III.**

**ANALYSIS**

The Third-Party Defendants argue the Third-Party Plaintiffs' claims in this action must be dismissed because the court lacks both specific and general jurisdiction. (Third-Party Defs.' Rule 12(b)(2) Mot. To Dismiss for Lack of Personal Jurisdiction and Br. in Supp. Thereof 2 (citing *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980)).) The Third-Party Defendants contend the Court does not have specific jurisdiction because the Third-Party Defendants have committed no acts in Texas substantially related to the allegations in this action. (*Id.* at 3.) The Court does not have general jurisdiction because the Third-Party Defendants do not maintain continuous and systematic contacts with the state of Texas. (*Id.* at 4.) Further, the Third-Party Defendants contend assertion of jurisdiction in this suit would offend the notions of fair play and substantial justice. (*Id.* at 5-6.)

In making a determination as to whether specific jurisdiction exists, the Court notes this action involves a car accident occurring in Republic County, Kansas. None of the acts giving rise

to the automobile accident were performed in Texas. Accordingly, the Court finds it lacks specific jurisdiction over the Third-Party Defendants.

Turning its analysis to the existence of general jurisdiction, the Court notes it does not appear any of the Third-Party Defendants maintain the continuous and systematic contacts necessary to support general jurisdiction. Each of the Third-Party Defendants has submitted an affidavit attesting that they have never resided in Texas, entered into a contract in Texas for business purposes, individually conducted any business transactions in Texas[4], maintained an office in Texas, employed any person in Texas, owned property in Texas, paid taxes in Texas, entered into a contract by mail with a Texas resident where the contract was performed in whole or in part within Texas, committed a tort in whole or part in Texas, or recruited a Texas resident for employment. (*See* Third-Party Defs.' Rule 12(b)(2) Mot. To Dismiss for Lack of Personal Jurisdiction and Br. in Supp. Thereof 4, Exs. A, B, C.) As such, none of the Third-Party Defendants maintain systematic and continuous contacts with the forum state. Accordingly, the Court finds general jurisdiction does not exist in this matter.

Having thus found neither specific nor general jurisdiction exists over the Third-Party Defendants, the Court finds the Third-Party Defendants' Motion to Dismiss must be **GRANTED**[5].

---

[4]Gregory A. Lee's affidavit notes he performed work for a Texas property and casualty company in Kansas five to ten years ago. (*See* Third-Party Defendants' Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction and Brief in Support Thereof at Ex. C.) However, this limited interaction with the forum state fails to comprise the continuous and systematic contacts required to support an assertion of general jurisdiction.

[5]Having reached a decision as to the Third-Party Defendants' Motion to Dismiss based upon a lack of personal jurisdiction, the Court does not reach a finding as to whether the assertion of personal jurisdiction offends the notions of fair play and substantial justice.

## IV.

## CONCLUSION

The Court possesses neither specific nor personal jurisdiction over the Third-Party Defendants in this action. Accordingly, the Court finds Third-Party Defendants' Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction should be and hereby is **GRANTED** (doc. 35). As such, the Court hereby **ORDERS** all claims against the Third-Party Defendants be **DISMISSED**[6].

**SO ORDERED.**

---

[6]The Court recognizes its ruling on this matter and its contemporaneously entered Order on Defendants' Motion for Reconsideration seemingly exclude the possibility of including the Third-Party Defendants in this action in any way. In the Court's contemporaneously entered Order on Defendants' Motion for Reconsideration, the Court finds an analysis of the private and public interest factors to be considered in determining whether a transfer of venue under 28 U.S.C. § 1404 is warranted weighs against transferring venue to Kansas. *See In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)(en banc). Notably, 28 U.S.C. § 1441 provides venue is proper where a state action is pending at the time of removal. Because this action was removed to this Court, § 1441 precludes any possibility of a Rule 12(b)(3) dismissal for improper venue. As such, in its contemporaneously entered Order, the Court's analysis centers on whether venue can be transferred under § 1404. Essentially, the Court simultaneously finds it does not have jurisdiction over the Third-Party Defendants and yet cannot transfer this action to a venue that would properly have jurisdiction over such parties. Despite this seeming incongruity, the Court notes the plaintiff may pursue parallel litigation in federal and state courts simultaneously. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)(recognizing the general rule that an action pending in state court does not bar a proceeding in Federal court concerning the same matter). Further, Defendants Knight Transportation, Inc. and George M. Muthee are able to designate Jacob Valek, William Valek, and Teresa Valek as responsible third parties in this matter. (*See* Order (doc. 33)(granting leave to designate Jacob Valek, William Valek, and Teresa Valek as responsible third parties).) Such a designation allows Knight Transportation, Inc. and George M. Muthee to submit Jacob Valek's alleged fault to the jury for consideration in conjunction with the claims in this action. *See* TEX. CIV. PRAC. & REM. CODE § 33.004; *see also* § 33.003(a)(1)-(4)(allowing the submission of a responsible third party's percentage of responsibility to the trier of fact). Thus the rights of all parties remain essentially intact and unhindered and the Court's rulings congruous.

DATED March 16, 2010

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE