UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLY L. ASHTON, Individually and as the Independent Executor of the Estate of Donald Ray Ashton, Deceased, | § § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 3:09-CV-0759-B |
| KNIGHT TRANSPORTATION, INC. and GEORGE M. MUTHEE, | § § § | |
| Defendants and Third-Party Plaintiffs, | § § § § | |
| v. | § § | |
| WILLIAM R. VALEK, et al., | § § | |
| Third-Party Defendants. | § | |

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is Defendants' Motion for Reconsideration as to Their Previously Filed Rule 12(b)(3) Motion to Dismiss for Improper Venue or, In the Alternative, Motion to Transfer Venue ("Motion for Reconsideration") (doc. 44).  Having considered the Motion, the Court finds it should be and hereby is **DENIED** (doc. 44).

In their Motion for Reconsideration, the Defendants contend they have discovered new information regarding Plaintiff's previous allegations as to why this action should not be transferred.  (Defs.' Mot. For Reconsideration as to Their Previously Filed Rule 12(b)(3) Mot. To Dismiss for Improper Venue or, in the Alternative, Mot. To Transfer Venue 1.)  Specifically,

Defendants note Plaintiff has filed a suit, both in her individually capacity and as representative of the Estate of Donald Ashton, against William Valek and the Estate of Jacob Valek in Kansas state court.  (*Id.* at 4.)  Accordingly, Defendants contend Plaintiff's arguments regarding any inconvenience that could potentially be caused by transferring venue should be rendered invalid. (*Id.* at 5-6.)

As the Court previously noted in its Memorandum Order (doc. 20), a determination as to whether a transfer of venue under 28 U.S.C. § 1404 is warranted in this situation requires consideration of a number of both private and public interest factors.  *See In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).  The Court finds Plaintiff's filing of a separate action in Kansas state court does not change its previous analysis of such private and public interest factors.  (*See* Memorandum Order (doc. 20) at 6-11.)  Rather, a consideration of such factors still weighs against transfer of venue.  Accordingly, the Court finds Defendants' Motion for Reconsideration should be and hereby is **DENIED** (doc. 44).

SO ORDERED.

DATED March 16, 2010

_____

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE