UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELLY L. ASHTON, Individually and as the Independent Executor of the Estate of Donald Ray Ashton, Deceased, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:09-CV-0759-B |
| KNIGHT TRANSPORTATION, INC. and GEORGE M. MUTHEE, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Knight Transportation, Inc. and George M. Muthee's Motion for Summary Judgment (doc. 53), as well as certain evidentiary objections raised in Defendants' Reply (doc. 58) and Plaintiff Kelly Ashton's Motion to Strike (doc. 59). For the reasons stated below, the Court finds Defendants' Motion for Summary Judgment should be and hereby is **DENIED**, Defendants' evidentiary objections are **OVERRULED**, and Plaintiff's Motion to Strike is **DENIED**.

I.

BACKGROUND[1]

This action arises out of an automobile accident occurring in Republic County, Kansas on August 11, 2007. (Defs.' Mot. for Summ. J. 1). Plaintiff Kelly Ashton, her husband Don Ashton,

---

[1] The Court takes its factual account from those uncontested factual allegations contained in the parties papers and pleadings. Any contested fact is identified as the allegation of a particular party.

- 1 -

and friend William Helton were returning to Texas from South Dakota along U.S. Hwy. 81 in the Ashton's 2006 Hummer H3. (*Id.*). William Helton was driving the vehicle, Don Ashton was seated in the Hummer's front passenger seat, and Kelly Ashton was seated in the Hummer's rear seat. (*Id.*).

Shortly after midnight, the Hummer was struck by a 1988 Chevrolet Camaro driven by Jacob Valek, a 15-year-old minor. (*Id.*)*.* Mr Valek, under the influence of alcohol, ignored a stop sign at the intersection of U.S. Hwy. 81 and Fir Road, striking the passenger side of the Hummer. (*Id.*). Mr. Valek was traveling about 80 miles per hour, and the Hummer was traveling about 70 miles per hour. (Plf.'s Resp. to Defs.' Mot. for Summ. J. 6 ).

Sometime during or soon after the collision with Mr. Valek, Don Ashton died. Precisely how he perished, underlies the parties' theories of the case and drives their contentions in the present motions. Plaintiff contends that Mr. Ashton survived the accident, crawling out of the Hummer and onto U.S. Hwy 81, where he was subsequently run over and killed by Defendant George Muthee. (Plf.'s Resp. 2-4). Defendants, on the other hand, argue that Mr. Ashton was ejected from the Hummer and that Muthee's vehicle never contacted Mr. Ashton's body. (Defs.' Mot. for Summ. J. 1-2).

On March 27, 2009, Kelly Ashton, acting both individually and as the independent executor of the Estate of Don Ashton, filed suit against Knight Transportation, Inc. and George M. Muthee in Texas state court, alleging negligence, wrongful death, and survival. (Plf.'s Original Pet. 4-6). The latter claims are separate causes of action, yet they too are ultimately predicated on the negligence claim. (*See id.*). Defendants now bring their Motion for Summary Judgment (doc. 53), alleging that Plaintiff has failed to produce sufficient summary judgment evidence that George Muthee proximately caused Don Ashton's death.

The parties also raise several arguments pertaining to the evidence offered in support of or against summary judgment. Defendants object to the summary judgment evidence attached to Plaintiff's Response. (Defs.' Reply to Pl.'s Resp. to Defs.' Mot. For Summ. J. 7-13). Plaintiff, in turn, moves to strike certain exhibits in Defendants' Reply (doc. 59), and has filed a Response to the objections Defendants raised in their Reply (doc. 60).

## II.

## LEGAL STANDARD

A.  *Summary Judgment*

The purpose of summary judgment is "to enable a party who believes there is no genuine dispute as to a separate fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Accordingly, Federal Rule of Civil Procedure 56(c) provides summary judgment is appropriate "when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The substantive law governing a matter determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The summary judgment movant bears the burden to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs*, 919 F.2d 301, 303 (5th Cir. 1990). However, if the non-movant ultimately bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Rather, the summary judgment movant may satisfy its burden by pointing to the mere absence of evidence supporting the non-movant's case. *Id.*

Once the summary judgment movant has met this burden, the non-movant must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citing *Celotex*, 477 U.S. at 325). Factual controversies regarding the existence of a genuine issue for trial must be resolved in favor of the non-movant. *Little*, 37 F.3d at 1075. However, the non-movant must produce more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the non-movant is unable to make such a showing, the court must grant summary judgment. *Little*, 37 F.3d at 1075.

  *B.*  *Negligence*

Under Texas law, a cause of action for negligence requires (1) a legal duty owed by one person to another, (2) a breach of that duty, and (3) damages proximately resulting from that breach. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). Defendants' Motion for Summary Judgment is based wholly on the third element, proximate causation. (*See generally* Defs.' Mot. for Summ. J. 7-16). Specifically, Defendants maintain that George Muthee did not proximately cause Don Ashton's death because either Don Ashton was not alive at the time Muthee's vehicle allegedly struck him or, even if Mr. Ashton were alive, he would not have survived his initial injuries anyway. (Defs.' Mot. for Summ. J. 12-17).

There are two components of proximate cause under Texas law: cause-in-fact and foreseeability. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). In order to satisfy the cause-in-fact requirement, a claimant must show that the act or omission in question was a "substantial factor in bringing about the injury, without which the harm would not have occurred." *Id.* The test for foreseeability is whether a person of ordinary intelligence should have

anticipated the danger created by the negligent act or omission. *Id.* at 478. Defendants do not base any of their summary judgment arguments on the issue of forseeability. Thus, the only issue is whether Muthee's driving was a cause-in-fact of Don Ashton's death.

## III.

## ANALYSIS

Knight Transportation and George Muthee have moved for summary judgment on each of Ashton's negligence-based claims. (*See generally* Defs.' Mot. for Summ. J.). Additionally, they object to certain expert reports and testimony that Kelly Ashton relies upon in her Response. (Defs.' Reply to Pl.'s Resp. to Defs.' Mot. For Summ. J. 7-13). Ms. Ashton filed a Response to these objections and has also moved to strike certain evidence relied upon in Defendants' Reply. However, the Court finds both parties' evidentiary arguments to be without merit.[2] Notwithstanding such a finding, the parties' non-expert testimony is adequate to resolve Defendants' Motion for Summary Judgment.

In their Motion for Summary Judgment the Defendants focus their arguments on the element of proximate causation, specifically the issue of cause-in-fact. Thus, the court's sole inquiry is whether Ashton has raised a genuine issue of material fact that Muthee's driving was a "substantial factor" in Don Ashton's death. Defendants argue that Ashton has failed to raise a fact issue as to whether Muthee's driving was a substantial factor in Don Ashton's death in two respects. First, they contend that Ashton has failed to raise a fact question as to whether Don Ashton was alive at the time Muthee's vehicle allegedly struck him. (Defs.' Mot. for Summ. J. 12-17). Second, Defendants argue that even if Muthee's vehicle did kill Don Ashton, Kelly Ashton has provided no evidence

---

[2]This finding does not mean that the contested evidence of either party will be admissible at trial, and thus the parties are not precluded from registering their objects to such evidence at trial.

that her husband would have survived his initial injuries anyway, and thus Muthee's driving could not be a substantial factor in Don Ashton's death. (Defs.' Mot. for Summ. J. 17). Each argument is addressed separately below.

  A. *Whether Don Ashton Was Alive When Muthee's Vehicle Allegedly Struck Him*

Contrary to Defendant's arguments, Ashton has raised a genuine issue of material fact as to whether Don Ashton was alive at the time of the alleged contact with Muthee's vehicle. Will Helton's deposition testimony alone creates a fact issue on this question. Helton first stated that upon exiting the vehicle, he heard Don moaning somewhere outside of the front of the vehicle. (Helton Dep. 165:4-19). He further testified that as he was walking around the Hummer, an 18-wheeler passed within five feet of the vehicle, running over debris in the road and causing loud noises. (Helton Dep. 166:2-16). After the truck traveled through the debris field, Helton found Don Ashton's body parts scattered in the highway. (Helton Dep. 172:4-25). The police later identified the vehicle that passed through the debris field as belonging to Muthee. (Walker Aff. 1). The Court finds that when viewed in the light most favorable to Ashton, there is a genuine issue of material fact as to whether Don Ashton was alive at the time his body was struck by Muthee, and thus whether Muthee's driving was a substantial factor in Don Ashton's death.

The parties' expert testimony conflicts as to whether Don Ashton was alive at the time of the alleged contact with Muthee's vehicle, and thus also raises a fact question. Ashton's experts testify that an external blunt force, such as a tractor trailer, killed Don Ashton (Warren Dep. 43:2-22, 74:22-75:22) and that the evidence indicates that Don Ashton was never ejected from the Hummer (Warren Dep. 94:13-95:2; Ballinger Dep. 154:6-158:1). Defendants' experts testify that Don Ashton received a likely fatal, serious head injury from the initial collision with Valek

(Cummings Report 5) and that it is impossible to know exactly how Don Ashton died (Natarajan Report 8). It is not in this Court's power or purview to determine the credibility or weight that should be afforded the competing experts' testimony. Such a determination is strictly the province of the jury. Accordingly, summary judgment as to whether Don Ashton was alive at the time his body was allegedly struck by Muthee, based on either the parties' non-expert or expert testimony, is improper.

    B.  *Whether Don Ashton Would Have Survived if Muthee's Vehicle Had Not Struck Him*

Defendants' second argument is that Don Ashton would have died irrespective of any contact with Muthee's vehicle, and thus that Muthee's driving cannot be a cause-in-fact of Ashton's death. Reduced to its essence, the Defendants are simply recasting their first argument that Ashton has failed to establish that Muthee's driving was the proximate cause of Don Ashton's death. But there can be more than one proximate cause of an injury. *Davis v. Dallas County*, 541 F. Supp.2d 844, 853-54 (N.D. Tex. 2008). That Ashton might have died at some point - minutes or years after being struck by the first car - does not the alter the fact that Muthee's driving could have been a substantial factor in causing Ashton's death. As discussed above, Plaintiff has sufficiently raised a fact issue as to whether Muthee's driving was a substantial factor in causing Don Ashton's death. That, for summary judgment purposes, ends the analysis.

## IV.

## CONCLUSION

The Court finds genuine issues of material fact still exist as to Ashton's claims. Accordingly, Defendants' Motion for Summary Judgment should be and hereby is **DENIED**. Furthermore, Defendants' Objections to Ashton's summary judgment evidence are **OVERRULED**, and Ashton's

Motion to Strike Defendants' summary judgment evidence is also **DENIED**.  The Court will consider the admissibility of this evidence for trial at the pre-trial conference, which remains scheduled for Friday, September 24, 2010 at 10 AM.  Trial is still set to commence on Monday, September 27, 2010.

    SO ORDERED.
    DATED September 20, 2010

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE